UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

WARBROS, LLC,
    Plaintiff,

v.                                           File No. 1:09-CV-9

TODD M. ENRIGHT and
MIDDLEBURY EQUITY PARTNERS, LCC,
    Defendants.

## RULING ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
(Paper 9)

I. Introduction

    This is an action for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, and fraud arising from a contract for Plaintiff Warbros, LLC ("Warbros") to purchase a participation interest in a commercial loan from Defendant Middlebury Equity Partners, LLC ("MEP").

    Defendant MEP moves for partial summary judgment on Plaintiff's breach of contract (Count I), breach of implied covenant of good faith and fair dealing (Count II), and breach of fiduciary duty (Count III) claims, arguing Warbros's contract with MEP ("Participation Agreement") no longer exists. Defendant notes Plaintiff entered into a new "Letter Agreement" with MEP and Vermont Capital Growth, LLC ("VCG") providing VCG would purchase Plaintiff's interest in the loan. Defendant claims the

1

new Letter Agreement substituted by novation the Participation Agreement – discharging MEP's obligations.

II. Analysis

A. Standard

Summary judgment is warranted only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of demonstrating no genuine issue of material fact exists lies with the party seeking summary judgment. Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000). The court draws all factual inferences in favor of the non-moving party. Wright v. Coughlin, 132 F.3d 133, 137 (2d Cir. 1998).

B. Novation

"'Novation' . . . means that, there being a contract in existence, some new contract is substituted for it, either between the same parties or different parties; the consideration mutually being the discharge of the old contract." Peters v. Poro's Estate, 117 A. 244, 249 (1922). Under Vermont law, "a novation is never presumed, and must, therefore, have evidentiary support. A critical requirement is proof of a mutual understanding and consent among all concerned that there has been a transfer of the obligation involved from one party to another.

The knowing acceptance of all parties is crucial." <u>Frank W. Whitcomb Constr. Corp. v. Cedar Constr. Co.</u>, 142 Vt. 541, 459 A.2d 985 (1983).

Proof of the parties' intent to effect a novation is not limited to the language of the new contract. Rather, "[t]he existence of such an intention may . . . be found, although there is nothing positive in the agreement; it being a question to be decided from all the circumstances." <u>Peters</u>, 117 A. at 249. Here, the parties dispute whether the Letter Agreement with VCG evidences a mutual intent to replace the Participation Agreement and thereby discharge MEP's obligations. The Court finds neither the circumstances nor the terms of the Letter Agreement suggest unequivocally whether the parties intended to effect a novation, and therefore this disputed question of fact is reserved for a jury. <u>Id.</u> ("The issue of a novation presents questions of fact, if there is any supporting evidence, and the terms of the agreement are equivocal or uncertain.") Summary judgment on this issue is accordingly denied.

III. <u>Conclusion</u>

Defendant's Motion for Partial Summary Judgment on Counts I, II and III is DENIED.

The parties shall jointly prepare and file a discovery schedule in accordance with Local Rule 26.1(b) <u>on or before June 30, 2009</u>.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 16th day of June, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge